## UNITED STATES v. AMES et al.

District Court, S. D. New York.
Aug. 1, 1941.

Mathias F. Correa, U. S. Atty., of New York City (Richard Delafield, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Joseph K. Guerin and Menahem Stim, both of New York City, for defendant Benjamin J. Finn.

BRIGHT, District Judge.

This is a motion by the defendant Benjamin J. Finn to dismiss the indictment on the ground that any prosecution is barred by the three year statute of limitations.

An indictment filed by the Grand Jury on September 30, 1938, charges the defendant Benjamin J. Finn, and many others, in twenty-nine counts, with so-called mail frauds in violation of Section 338 of Title 18 of 18 U.S.C.A.; and in the thirtieth count, with a criminal conspiracy in violation of Section 88 of the same Title.

The defendant Finn has filed a so-called plea in abatement (as to the form of which the Government waives any objection), alleging that he was not guilty of any of the crimes charged within three years next preceding the filing of the indictment. It was admitted, upon the argument, that the particular transaction in which the moving defendant was involved, had occurred, and his association with the alleged conspiracy had terminated, more than three years before the filing of the indictment.

The Government's counsel, however, contended that the statute was no bar because this particular defendant, by means of fraudulent representations on January 29, 1934, and again on March 22, 1934, sold to Henry W. and Blanche D. Klimm, certain alleged oil lands in Brewster County, Texas, and at the time of such sale, delivered to them as a part of the fraudulent scheme, contracts of the National Realty Valuation Corporation, under which the corporation agreed "at the maturity date of this contract (to) purchase from the said owner (the Klimms), the premises more particularly described in Schedule A hereof, and at that time, upon compliance with and subject to the terms and conditions herein set forth, and not otherwise, will pay to the said owner" $100 an acre for each parcel purchased.

The lands described in Schedule A were the same lands conveyed on the dates mentioned to the Klimms by special warranty deed made by the defendant, the first being for twenty acres and the second for five acres. Each so-called contract provided that the maturity date should be understood to be ten years from the date of the contract, the first contract being dated January 27, 1934, and the second March 23, 1934.

It was stated upon the argument, and not disputed, that the lands could not be sold for and were not worth any such sum agreed to be paid and that the company making the contract had long since been dissolved.

It was contended by the Government that the contract guaranteeing the repurchase of the lands in ten years lulled the victims into a false sense of security, and that, therefore, the statute of limitations did not commence to run until the expiration of the ten year period.

Counsel for the defendant argued that there could be no question but that if the defendant Finn had fraudulently made the agreement to repurchase within ten years, the statute would obviously be a bar. The Government's counsel, admitting that, rested his argument upon the point that the obligation was that of the corporation and had not matured, that that obligation was an essential part of the fraud, and until the contract matured, the statute could not begin to run.

The statute of limitations (Section 582 of Title 18) provides that no person shall be prosecuted, tried or punished unless the indictment is found "within three years next after such offense shall have been committed."

■ Insofar as the substantive counts in the indictment are concerned, it seems to me that the offense was committed when the fraudulent statements were made, and the deeds and contract delivered, and the first overt act committed, that date being alleged as October 4, 1935.

■ The statute in question makes it a crime to devise or intend to devise any scheme or artifice to defraud. It is not necessary to constitute that fraud, that such scheme shall be successful or consummated, or that the victims should be damaged. Wilson v. United States, 2 Cir., 190 F. 427-433; Cowl v. United States, 8 Cir., 35 F.2d 794, 797; Busch v. United States, 8 Cir., 52 F.2d 79-82.

The crime is complete when the United States mails are used in such scheme. Durland v. United States, 161 U.S. 306-315, 16 S.Ct. 508, 40 L.Ed. 709. What might or did happen subsequently would not be controlling. Grey v. United States, 7 Cir., 172 F. 101-104. Apparently, the Government has concluded that the offense was committed because the indictment was found long before the contract in question could mature.

■ As to the conspiracy count, it seems to be settled that the conspiracy terminated, so far as this defendant was concerned, when he affirmatively withdrew from it. Hyde v. United States, 225 U.S. 347-369, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; United States v. Raley, D.C., 173 F. 159-167; Buhler v. United States, 9 Cir., 33 F.2d 382, 385; Eldridge v. United States, 10 Cir., 62 F.2d 449-451.

■ It is conceded that defendant did so withdraw more than three years before the filing of the indictment. It seems to me that the existence of the conspiracy and the conscious participation of the defendant therein within three years before the filing of the indictment are indispensable to the maintenance of the prosecution. Ware v. United States, 8 Cir., 154 F. 577-579, 12 L.R.A.,N.S., 1053, 12 Ann.Cas. 233.

■ The fact that the false and fraudulent promise was made in the written contract of the National Realty Valuation Corporation does not, in my opinion, make it any more potent to toll the statute than that the same promise was made orally by the defendant. In either case, it must be taken as false and fraudulent, and in either case,

there would be a "lulling" of the victim, although, perhaps, not to the same degree. But the fraud would be just as clearly present. Such a promise to be performed in the future would not make him immune from prosecution in the meantime (Preeman v. United States, 7 Cir., 244 F. 1-16, certiorari denied 245 U.S. 654, 38 S. Ct. 12, 62 L.Ed. 533), and I cannot see how it can extend the time to prosecute.

The motion of the defendant Benjamin J. Finn to dismiss the indictment is, therefore, granted.