## UNITED STATES v. JOHNSON et al.
### No. 11400.

District Court, M. D. Pennsylvania.

March 15, 1946.

See also 65 F.Supp. 42.

M. H. Goldschein, Sp. Asst. Atty. Gen., for the United States.

Irving Spieler, of New York City, for defendant Korman.

SMITH, District Judge.

The indictment in this case, found by the grand jury on September 11, 1945, charges the defendants Albert W. Johnson, Donald M. Johnson, Miller A. Johnson, Albert W. Johnson, Jr., Jacob Greenes, John Memolo, Charles Korman, and others with a conspiracy to commit certain offenses against the United States, in violation of Section 37 of the Criminal Code, 18 U.S.C.A. § 88. The indictment is before the Court at this time on the motion of the defendant Korman, who urges the dismissal of the indictment as to him on the ground, among others, that prosecution is barred by the statute of limitations, 18 U.S.C.A. § 582.

This indictment was discussed by the Court in a cognate opinion in which the general averments were quoted at length. The present discussion will therefore be limited to the specific charge against the defendant Korman.

The specific charge against the defendant Korman, exclusive of the charges contained in the general allegations, is embodied in the following averments:

"United States of America v. Charles Korman, et al. defendants (hereinafter called the Charles Korman case), a criminal prosecution in which an indictment was returned in the District Court of the United States for the Middle District of Pennsylvania, filed under Criminal Docket No. 9033, on or about May 15, 1935, in which John Memolo appeared and acted as attorney for one of the defendants therein, to wit, Charles Korman, and which was terminated by the defendant Charles Korman entering a plea of guilty. The court imposed a fine and a suspended sentence on May 6, 1936, and the defendant therein, Charles Korman, was placed on probation for five years. On or about October 9, 1937, Albert W. Johnson as judge of said court entered an order terminating the probation of said Charles Korman." (Page 6 of the Indictment).

"It was a further part of said conspiracy that the defendant John Memolo would, at divers times to the grand jurors unknown, accept and receive and agree to accept and receive from the defendant Charles Korman, directly and indirectly, certain sums of money and other presents, rewards, promises, contracts, obligations, gifts, loans and purported loans, and other security for the payment of money and for the delivery and conveyance of things of value, the exact amounts being to the grand jurors unknown, and that the defendant John Memolo, at divers times, would give and turn over and agree to give and turn over said sums of money and other presents, rewards, promises, contracts, obligations, gifts, loans and purported loans and other security for the payment of money and for the delivery and conveyance of things of value so received from the defendant Charles Korman, directly and indirectly, in whole or in part, to the defendant Jacob Greenes directly and indirectly, and at divers other times to the defendants Donald M. Johnson and Albert W. Johnson, directly and indirectly, and that the defendant Jacob Greenes would give and turn over and agree to give and turn over said sums of money and other presents, rewards promises, contracts, obligations, gifts, loans and purported loans, and other security for the payment of money and for the delivery and conveyance of things of value, so received from the defendant Charles Korman through and by means of the defendant John Memolo, in whole or in part, to the defendants Donald M. Johnson and Albert W. Johnson, directly and indirectly." (Page 16 of the Indictment.)

It seems reasonably apparent upon the mere reading of the indictment that the culpable participation of the defendant Korman in the alleged conspiracy was limited to the one case in which he was named as a defendant, United States of America v. Charles Korman, et al. There is no charge, except in the general averments of the indictment, that this defendant was either a party to or had knowledge of the other criminal ventures embraced within the alleged conspiracy. This criminal venture was, as to the defendant Korman, an independent conspiracy which terminated on October 9, 1937, when its unlawful objects were finally accomplished.

Any doubt as to this defendant's culpable participation in the general conspiracy is dispelled by the very frank admission in

the Government's brief. It is therein stated, at pages 2 and 3:

"In May 1935, Charles Korman was indicted (with others not herein concerned) in the United States District Court for the Middle District of Pennsylvania, sometime after which Greenes a beer salesman was sought out by Korman, who, with John Memolo, was employed and paid to get Korman's case set before Judge Johnson and fixed. On May 6, 1936, in pursuance with said arrangement between Judge Johnson, his son Donald Johnson, Greenes, Memolo and Korman, Judge Johnson on a plea of Guilty entered by Korman, imposed a fine and a suspended sentence on the defendant Korman, and placed him on probation for five years. On or about October 9, 1937, in pursuance of arrangements between Judge Johnson, Donald Johnson, Greenes and Korman, Judge Johnson, as judge of said court, entered an order terminating the probation of said Charles Korman. *The defendant Korman is not known to have participated further in any matter with the defendants in this indictment or to have had any knowledge of such matter.*" (Emphasis by the Court.)

 The defendant Korman is not chargeable with the unlawful conduct of his co-defendants unless that conduct was within the reasonable intendment of their unlawful agreement as he understood it. "Courts do indeed say that each conspirator is chargeable with the acts of his fellows done in furtherance of the joint venture; but into that must be read the condition that acts so imputed must be in execution of the venture as all understood it; not indeed in its details, but so far as concerns those terms which constitute the substantive crime. It is never permissible to enlarge the scope of the conspiracy itself by proving that some of the conspirators, unknown to the rest, have done what was beyond the reasonable intendment of the common understanding." United States v. Crimmins, 2 Cir., 123 F.2d 271, 273. See also United States v. Andolschek, 2 Cir., 142 F.2d 503, 507. The defendant Korman may have conspired with several of the other defendants to obstruct and impede the due administration of justice in the case in which he was interested, as charged in the indictment. This criminal venture may have been embraced within the general conspiracy in which the others were engaged, but as to him it remained an independent conspiracy. Ibid.

It is our opinion that conscious participation of the defendant in the alleged conspiracy within three years next preceeding the finding of the indictment is indispensable to the maintenance of this prosecution. Ware v. United States, 8 Cir., 154 F. 577, 579, 12 L.R.A.,N.S., 1053, 12 Ann.Cas. 233; United States v. Ames, D.C. 39 F.Supp. 885, 886. It is conceded by the Government, as heretofore stated, that this element is lacking. It would be an injustice, under the circumstances, to compel the defendant to stand trial, especially where, as here, it is obvious on the record that prosecution of the offense with which he is charged was barred by the statute of limitations more than five years ago.

The other grounds urged by the defendant in support of his motion have not been considered because we deem it unnecessary. The motion to dismiss the indictment is granted on the one ground herein discussed.