**UNITED STATES of America**

v.

**The AMERICAN OIL COMPANY et al.,
Defendants.**

**Crim. A. No. 153–65.**

United States District Court
D. New Jersey.

May 4, 1966.

See also, D.C., 249 F.Supp. 799.

———◆———

David M. Satz, Jr., U. S. Atty., by Donald Horowitz, Asst. U. S. Atty., Bernard Wehrmann, Dept. of Justice, for the Government.

McCarter & English, by Merritt Lane, Jr., Newark, N. J., for The Atlantic Refining Co., and Howrey, Simon, Baker & Murchison, by Harold F. Baker, Terrence C. Sheehy, Washington, D. C., Edward J. Kremer, Jr., Philadelphia, Pa., of counsel.

Pitney, Hardin & Kipp, by Donald B. Kipp, Newark, N. J., for Sinclair Refining Co., and Wickes, Riddell, Bloomer, Jacobi & McGuire, by Harold F. McGuire, D. K. McIntosh, Frank R. Clampitt, J. Howard Marshall, Jr., New York City, of counsel.

Carey & Jardine, by Robert Carey, Jr., Newark, N. J., for Gulf Oil Corp., and Kissam & Halpin, New York City, by Leo T. Kissam, Anthony S. Genovese, Frederick L. Scofield, Arthur Vangeli, New York City, Jesse P. Luton, Jr., Pittsburgh, Pa., of counsel.

Stickel & Stickel, by Fred G. Stickel, Jr., Newark, N. J., for The American Oil Co., and Kirkland, Ellis, Hodson, Chaffetz & Masters, by Hammond E. Chaffetz, Chicago, Ill., Ronald S. Daniels, New York City, Sam L. Erwin, Chicago, Ill., of counsel.

Milton, Keane & DeBona, by Joseph Keane, Jersey City, N. J., for Cities Service Oil Co., and for Cities Service Co., and Paul, Weiss, Rifkind, Wharton & Garrison, by Simon H. Rifkind, Jay H. Topkis, George H. Colin, New York City, of counsel.

Stryker, Tams & Dill, by William L. Dill, Jr., Newark, N. J., for Humble Oil and Refining Co., and Milbank, Tweed, Hadley & McCloy, by A. Donald MacKinnon, Henry F. Hartmann, New York City, Dillard W. Baker, Houston, Tex., of counsel.

Riker, Danzig, Scherer & Brown, by Dickinson R. DeBevoise, Newark, N. J., for Socony Mobil Oil Co., Inc., and Dewey, Ballantine, Bushby, Palmer & Wood, by John E. F. Wood, Edward N. Sherry, Charles F. Rice, New York City, of counsel.

WORTENDYKE, District Judge.

The defendants herein heretofore moved the Court for a dismissal of the

indictment upon the ground that the Grand Jury which returned the indictment was improperly constituted and impanelled by reason of the systematic and deliberate exclusion therefrom of women. That motion was denied for the reasons set forth in the Court's Opinion filed in this cause December 30, 1965, 249 F.Supp. 130.

Upon their further motion dated February 28, 1966, defendants requested the Court to reconsider its denial of defendants' motion No. 1 to dismiss the indictment "after striking from the record a certain letter from the Clerk of this Court to The President's Commission on the Status of Women" dated August 24, 1962 and without reference to or reliance upon the contents of said letter. In the alternative, defendants requested that the Court demand proof from the Government of the accuracy and reliability of said letter and afford defendants opportunity for cross-examination and rebuttal.

In its prior opinion upon the motion to dismiss the indictment the Court found and stated that although there had not been a systematic exclusion of women from the panel from which the jury was selected which returned the indictment in this case, there was "an intentional pre-arranged, systematic disproportion between the number of women and the number of men whose names were placed in the wheel from which the drawing by lot was made." Because officials charged with the responsibility of selecting names of persons for service on Grand Juries may exercise some discretion to the end that competent persons be selected, and procedures must be employed in selecting juries which will be truly representative of a cross-section of the community, the Court ruled that it was not essential that every Grand Jury include representatives of all racial, economic or social groups of the community; nor that it reflect an exact proportional representation of ethnic, economic or social groups in order to render valid an indictment returned. The Court further ruled that the moving defendants had failed to discharge the

burden of showing that there had been excluded from the Grand Jury which returned the indictment in this case "an appropriate class forming a portion of a fair cross-section of the community." The Court's denial of the motion was predicated upon the uncontraverted fact that the names of more citizens of one sex than of the opposite were included in the pool from which the panel of Grand Jurors was drawn, without regard to the contents of the Clerk's letter which defendants now seek to have expunged from the record. The Court ruled that the disproportion of the male to female persons among those summoned for jury service did not amount to discrimination against either sex.

Because the Court's denial of the motion did not turn upon the contents of the Clerk's letter, defendants' pending motion to reconsider the Court's decision is denied this 4th day of May, 1966.