**UNITED STATES of America**

v.

**AMERICAN OIL COMPANY et al.,
Defendants.**

**Crim. A. No. 153–65.**

United States District Court
D. New Jersey.

Oct. 15, 1968.

See also D.C., 249 F.Supp. 799; D.C., 286 F.Supp. 742.

David M. Satz, Jr., U. S. Atty., by Donald Horowitz, Asst. U. S. Atty., Bernard Wehrmann, James Daniels, David Leinsdorf, New York City, Dept. of Justice, for the Government.

Stickel & Stickel, by Robert W. McCann, Newark, N. J., for American Oil Co., Kirkland, Ellis, Hodson, Chaffetz & Masters, by Hammond E. Chaffetz, Chicago, Ill., Paul Uhlenhop, Chicago, Ill., Townley, Updike, Carter & Rodgers, by Ronald S. Daniels, New York City, of counsel.

McCarter & English, Newark, N. J., for Atlantic Richfield Co., Hughes, Hubbard, Blair & Reed, by Jerome G. Shapiro, New York City, Harvey D. Myerson, New York City, of counsel.

Stryker, Tams & Dill, by William L. Dill, Jr., Newark, N. J., for Humble Oil and Refining Co., Milbank, Tweed, Hadley & McCloy, by A. Donald MacKinnon, New York City, Henry F. Hartmann, New York City, of counsel.

Carey & Jardine, by Robert Carey Jr., Newark, N. J., for Gulf Oil Corp., Kissam & Halpin, by Leo T. Kissam, New York City, of counsel.

Pitney, Hardin & Kipp, by Donald B. Kipp, Newark, N. J., for Sinclair Refining Co., Wickes, Riddell, Bloomer, Jacobi & McGuire, by Harold F. McGuire, New York City, of counsel.

Riker, Danzig, Scherer & Brown, by Dickinson R. Debevoise, Newark, N. J., for Socony Mobil Oil Co., Inc., Dewey, Ballantine, Bushby, Palmer & Wood, by Edward N. Sherry, New York City, of counsel.

Milton, Keane & De Bona, by Thomas J. Brady, Jersey City, N. J., for Cities Service Oil Co. and for Cities Service Co., Paul, Weiss, Rifkind, Wharton & Garrison, by Jay H. Topkis, New York City, George H. Colin, New York City, of counsel.

On Motions For Severance

WORTENDYKE, District Judge:

Although the Indictment in this Sherman Act case was filed early in 1965

numerous pretrial motions by certain of the named defendants have required the Court to embody its decisions thereon in several Opinions. They are reported respectively at 249 F.Supp. 130 (December 30, 1965), 253 F.Supp. 783 (May 4, 1966), 259 F.Supp. 851 (October 20, 1966). Reference is herein made to those Opinions for a description and summary of the Indictment. In an opinion filed July 15, 1968, 286 F.Supp. 742, upon motions attacking the Indictment "in the light of" the Bills of Particulars as amended this Court held:

"Count I of the Indictment charges all the defendants with a conspiracy, in unreasonable restraint of interstate trade in gasoline in violation of Section 1 of the Sherman Act, to fix tank wagon and retail prices of gasoline in the trading area. In furtherance of this conspiracy, defendants did 'substantially restrict the amount of gasoline available to distributors and dealers engaged in the sale of private brand gasoline. in the trading area.' An *effect* of the conspiracy was to restrain and suppress 'competition from distributors and dealers engaged in the sale of private brand gasoline in the trading area.' The 'Amendment' of April 19, 1968 merely exonerates American Oil, Humble Oil, Sinclair Refining and Socony Mobil Oil of agreeing with anyone to restrict the amount of gasoline available to distributors and dealers engaged in the sale of private brand gasoline in the trading area."

Accordingly the Court concluded that the "Amendment" of April 19, 1968 did not enlarge the charge in Count I as returned by the Grand Jury.

By motions dated January 8, 1968, the defendants American Oil Company, Humble Oil & Refining Company, Sinclair Refining Company and Socony Mobil Oil Company sought to strike portions of the Bills of Particulars relating to Count I of the Indictment and also for a severance or separate trial. The aspect of those motions addressed to the Bills of Particulars was disposed of by this Court

in its Opinion of July 15, 1968; but at the request of counsel for the movants argument and consideration of the motions for severance or separate trial was deferred until after the Court's disposition of the motions to strike portions of the Bills of Particulars. Superseding briefs have been filed respecting the latter aspect of the pending motion in behalf of the movants and of the Government respectively. The superseding brief for movants adds to the arguments set forth in their previous brief the contention that Count I of the Indictment is duplicitous and violates Rule 8(a) of the Federal Rules of Criminal Procedure.

That Count I of the Indictment is not duplicitous on its face is obvious from an analysis of the allegations of the Indictment. The gravamen of the offense is a violation of Section .1 of the Sherman Act consisting of a single conspiracy in restraint of trade. That conspiracy is alleged to be found in one continuing agreement the substantial term or objective of which has been to "raise, fix, stabilize and maintain prices." The motions to dismiss Count I, made on September 15, 1965 by all the defendants, did not assert that the allegations thereof were duplicitous. The subsequent motion of Atlantic, dated December 20, 1967, to dismiss Counts I, II and III, made after the Bills of Particulars were filed, did not allege duplicity. In any event this Court's Orders of November 13 and December 26, 1967, which required that all appropriate motions in the case be filed no later than January 8, 1968 precluded the pending attack upon the Indictment upon the ground of duplicity.

The Bills of Particulars may not be relied upon to support the charge that Count I is duplicitous because this Court's Opinion of July 15, 1968 held that the Bills of Particulars did not enlarge upon the allegations of Count I of the Indictment, and this holding must be considered the law of the case requiring that the charge be overruled at this time. Even if the law were otherwise, Demand C–6 for Particulars is addressed to paragraph 14 of the Indictment which states

that the single conspiracy and therefore the single offense charged therein has consisted of one continuing agreement to fix prices. The Demand inquires " * * * what action, in fact, each defendant and co-conspirator agreed to take, i. e., the means and methods agreed to, by which * * * " prices were to be fixed. This Demand presumes the existence of agreements on action to be taken, i. e., on "means and methods" by which prices were to be fixed. The Government's answer to this Demand is responsive thereto and merely explains and particularizes the single offense charged in Count I. A charge of conspiracy does not become duplicitous by alleging multiple objectives. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942). I hold therefore that Count I of the Indictment is not duplicitous either on its face or in the light of the Bills of Particulars.

The presently moving defendants, invoking the provisions of Rule 14 of the Federal Rules of Criminal Procedure, contend that this Court should sever from the Indictment, and separately try, Count I and the presently moving defendants. Applying the principles stated in United States v. Quinn, 365 F.2d 256 (7 Cir. 1966) movants assert that they will be prejudiced if tried together with the remaining defendants because: (1) the case is complex and confusing; (2) the differences and relationships between the several claims made in the Indictment are difficult to grasp; (3) certain of those claims present issues which are extraneous to the guilt or innocence of the movants of the offense with which they are charged or are otherwise prejudicial to them; (4) a mass of testimony is expected; and (5) limiting instructions will, at best, be of dubious practical effect in protecting the movants.

Particularizing the foregoing prejudicial characteristics of the case movants point out that they, as well as all non-moving defendants, and the four alleged non-defendant co-conspirators, are large oil companies which have numerous employees and almost countless transactions.

It is further emphasized that the price-fixing conspiracy charged in Count I, and all prices of dealers to the public in the tri-state trading area for any defendant's or co-conspirator's gasoline during a period of at least 10 years will be implied from rather than expressly disclosed by the evidence; and that the Government, as has been disclosed by the Bills of Particulars, will attempt to prove the conspiracy circumstantially from evidence of approximately 230 so-called "Acts", and from over 50 documents. Finally movants point out that the trial of all defendants upon all counts of the Indictment will involve a multiplicity of defendants, numerous alleged co-conspirators, an undisclosed number of the personnel of each, in addition to the testimony of an undisclosed number of alleged victims of the charged conspiracy.

Rule 8(b) of the Federal Rules of Criminal Procedure permits two or more defendants to be charged in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." However a defendant may be entitled to a severance or to a separate trial under F.R.Cr.P. 14 upon a showing that he will be prejudiced by a joint trial with others.

The three separate statutory offenses charged in Counts I, II and III respectively rest on one set of facts, and the Government represents that no evidence will be offered in support of Counts II and III which will not also be offered and admissible to prove Count I. As has already been stated, Count I charges a conspiracy, Count II a monopoly and Count III an attempt to monopolize. Of these charged offenses, that in Count I violates Section 1, and those in Counts II and III violate Section 2 of the Sherman Act. One set of facts may suffice to prove each of the statutory offenses alleged. American Tobacco Co. v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946).

In the present case all of the defendants are charged with having con-

spired to fix prices and with having done things to "substantially restrict the amount of gasoline available to distributors and dealers engaged in the sale of private brand gasoline in the trading area." Proof of the agreement of the movants to fix prices and proof of their agreement with the non-movants to restrict supply is admissible under Count I to prove things done in furtherance of the conspiracy therein alleged. As the Government correctly states, although no claim is made that movants knew of or participated in the acts from which the agreement to restrict supply is inferable, evidence of movants' participation in the conspiracy charged in Count I renders competent evidence of action taken by fellow conspirators in furtherance of the common purpose of the conspiracy.

Movants argue that if the motion for severance is denied and movants are required to stand trial with the other defendants, movants will suffer prejudice in being required to meet seven major claims viz: (1) that the non-moving defendants agreed to substantially restrict the amount of gasoline available to distributors and dealers engaged in the sale of private brand gasoline; (2) that movants participated as co-conspirators with the non-moving defendants and others in a conspiracy to monopolize interstate trade in gasoline in the tri-state area; (3) that the alleged agreement of the non-moving defendants to restrict supply was made in furtherance of the alleged conspiracy to fix tank wagon and retail prices in which movants are said to have engaged; (4) that the asserted agreement of the non-moving defendants constituted a part of the alleged conspiracy to monopolize in which movants are alleged to have participated; (5) that movants had a specific intent to monopolize, jointly with the non-moving defendants and others; (6) that movants participated with the non-moving defendants and others in carrying out the alleged conspiracy to monopolize by engaging in conduct in furtherance thereof; (7) that the conduct participated in by movants together with the non-moving defendants and others closely approached bringing about a joint monopolization of interstate trade in the tri-state area.

It must be borne in mind that Count I of the Indictment charges all of the defendants with violation of Section 1 of the Sherman Act by their combination and conspiracy in unreasonable restraint of interstate trade in gasoline in the tri-state area, and that conspiracy consisted of a continuing agreement, understanding and concert of action among them and co-conspirators to fix tank wagon and retail prices of gasoline in the area. The evidence to be presented in support of this accusation will be generally circumstantial in character, and the conclusion of participation in the conspiracy will be inferable from the acts and conduct of the alleged conspirators and the objects and effects of those acts performed pursuant to the conspiracy.

A conspiracy necessarily involves two or more conspirators. Proof of the existence of a conspiracy may consist of disclosure of an expressed or implied agreement by and among the conspirators, of acts in furtherance thereof, and of the necessary consequences and effects of the same. Were the present movants to be tried separately from the remaining defendants, and upon the first count only, such evidence would be appropriate to support the offense charged therein as against any two or all of the named defendants. Movants have not shown that any two or more of them would suffer prejudice if all of the defendants were tried together under the first count of the Indictment.

Movants' reliance upon Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949) to justify severance is misplaced. The reversal in that case resulted from the admission into evidence of a declaration by a co-conspirator *which was not in furtherance of the conspiracy*. The allegations of the indictment when considered by the Government's prospective proof as disclosed in the Bills of Particulars refutes movants'

contention (movants' brief page 25) that:

"* * * The consequences of sustaining the Government's position would be that the issues material to movants (who are named as defendants only in Count I) would become so confused and obscured, the instructions to be followed by the jury in determining the guilt or innocence of each so inordinately complex, and the position of movants so hopelessly prejudiced, that their rights to a fair trial would be effectively denied."

As is correctly stated in the Government's superseding brief (p. 10):

"If Count I were tried first, evidence would be offered to prove the membership of each defendant in the conspiracy in restraint of trade, the sole term of which was to fix prices. The Government would also show actions taken in furtherance of the conspiracy, including an agreement and acts among the non-movants to restrict the supply of gasoline available to distributors and dealers engaged in the sale of private brand gasoline. Such evidence would be admissible against each defendant once said defendant is connected to the conspiracy.

 *   *   *   *   *   *

If a severance of parties were ordered, the situation would be precisely the same since the non-movants would be co-conspirators, although no longer defendants, in the trial of the movants.

The same proof would be offered, and for the same purpose, and would require the same cautionary instructions, if all counts and all parties were tried together."

██ Movants characterize as "misstatements and misapplications of the law of conspiracy" the contention of the Government that "evidence proving * * an act [in furtherance of a conspiracy] by one co-conspirator automatically becomes admissible against the others shown to have been parties to the conspiracy, * * * " and cite Krulewitch

v. United States, supra; Taxin v. Food Fair Stores, Inc., 287 F.2d 448 (3 Cir.) cert. den. 366 U.S. 930, 81 S.Ct. 1651, 6 L.Ed.2d 389 (1961); United States v. Crimmins, 123 F.2d 271 (2 Cir. 1941); Momand v. Universal Film Exchange, D.C., 72 F.Supp. 469, aff'd 172 F.2d 37 (1 Cir. 1948) cert. den. 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118; and United States v. Johnson, D.C., 65 F.Supp. 46, in support of this contention. In *Crimmins,* supra, it was held that each conspirator is chargeable by the acts of his fellows done in furtherance of the joint venture; but the scope of the conspiracy may not be enlarged by evidence that some of the conspirators unknown to the rest have done what was beyond the reasonable intendment of the common understanding. So in *Taxin,* supra, the Circuit Court quoted from the District Court in *Momand,* supra, the well established rule that a charge that persons have fixed prices or agreed to do so is quite different from a charge that they have either restricted, or either agreed to restrict supply is to be found in the concession that a restriction of supply of gasoline within the marketing area was a necessary concomitant of the agreement to fix prices.

In United States v. Northeast Texas Chapter, Crim. No. 11952 on remand from 181 F.2d 30 (5 Cir. 1950) conspiracies charged in two counts of the indictment were not only unlike in several respects but required proof by different evidence. The Court of Appeals in that case held that separate trial or election of counts was a matter of trial court discretion with respect to the exercise of which it expressed no opinion.

██ In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) two defendants were convicted of armed robbery. One of the defendants had made an oral confession implicating himself and the other defendant. The confession of the one defendant was admitted at the trial. The first defendant appealed on the ground that his confession should not have been ad-

mitted against him. His conviction was therefore reversed but the conviction of the second defendant was affirmed because the Court of Appeals held that the trial court's instructions to the jury to disregard the confession of the one defendant in assessing the guilt of the other sufficed to avoid prejudice. In reversing the conviction of the second defendant the Supreme Court held that despite the limiting instructions of the trial judge there was substantial risk that the jury ignored the instructions and, since the confession was that of a co-defendant who could not be called to the stand because of his 5th Amendment rights, the second defendant was precluded from cross examining the first defendant and thereby deprived of his rights under The Confrontation Clause of the 6th Amendment. *Bruton* is clearly distinguishable from the case at bar. Similarly in United States v. Echeles, 352 F.2d 892 (7 Cir. 1965), cited by movants, the Court of Appeals held that one of the multiple defendants in a conspiracy case should have been severed because his co-conspirators had already made statements exculpating the one defendant, but they could not be called to the stand to reaffirm that exculpation because of their 5th Amendment rights. We agree with the contention of the Government that "should proof of the agreement to restrict supply be prejudicial as against any defendant, it would be prejudicial against all. The avoidance of such prejudice through instructions to the jury is preferable to the duplication of trial * * *, and to a concomitant expenditure of time, effort and funds. Were there to be two trials the same witnesses would have to be called each time, and the non-moving defendants would have to defend twice against factually identical and equally serious charges. The law does not look with favor upon such an imposition on the Court, the Government, the non-moving parties and the witnesses."

I conclude that movants have not shown that they will suffer prejudice if all of the counts of and the defendants named in the Indictment are tried to-gether. Movants therefore have not sustained the burden cast upon them by F.R.Cr.P. 14, and their motions for severance therefore are denied.

Let an Order in conformity with the foregoing Opinion be presented.