**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bishop REED, Riley Reed and Earl Reed, Defendants-Appellants.**

No. 83–1132.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1983.

Decided Nov. 28, 1983.

Rehearing and Rehearing En Banc Denied Jan. 19, 1984.

Samuel Posner, argued, Gerald Posner, Detroit, Mich., for defendants-appellants.

Leonard R. Gilman, U.S. Atty., Blondell L. Morey, argued, Detroit, Mich., for plaintiff-appellee.

Before MERRITT and KENNEDY, Circuit Judges, and BERTELSMAN,* District Judge.

MERRITT, Circuit Judge.

In this direct criminal appeal the three defendants were convicted of conspiracy (18 U.S.C. § 371) to commit the substantive offense of mail fraud (18 U.S.C. § 1341) in connection with the filing of accident insurance claims, but acquitted on the substantive counts. Conceding the fraud, their primary claim on appeal is that the evidence is insufficient to prove what they assert is an element of the mail fraud conspiracy offense under our decision in *Blue v. United States,* 138 F.2d 351 (6th Cir.1943), *cert. denied,* 322 U.S. 736, 64 S.Ct. 1046, 88 L.Ed. 1570 (1944), namely: the government must prove specific intent to use the mails, that is, that the conspiratorial agreement must specifically include use of the mails.

Although the *Blue* case is certainly open to that interpretation, the case—to the extent it so holds—is no longer good law in light of the intervening Supreme Court decision in *Pereira v. United States,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954), which squarely holds that specific intent to use the mails is not necessary to prove the

* The Honorable William O. Bertelsman, Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

substantive offense so long as such use "can reasonably be foreseen, even though not intended." *Id.* at 9, 74 S.Ct. at 363. The *Pereira* case when read in light of *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) disposes of the defendants' conspiracy issue. *Feola* rejected "a line of cases, commencing with Judge Learned Hand's opinion in *United States v. Crimmins,* 123 F.2d 271 (CA2 1941), all holding that scienter of a factual element that confers federal jurisdiction, while unnecessary for conviction of the substantive offense, is required in order to sustain a conviction for conspiracy to commit the substantive offense." 420 U.S. at 675–76, 95 S.Ct. at 1259. *Feola* establishes a general principle that in proving the content of the conspiracy agreement the government need not prove a higher degree of criminal intent or scienter respecting the jurisdictional element than is necessary for the substantive offense itself: "where knowledge of the facts giving rise to federal jurisdiction is not necessary for conviction of a substantive offense embodying a mens rea requirement, such knowledge is equally irrelevant to questions of responsibility for conspiracy to commit that offense." 420 U.S. 696, 95 S.Ct. at 1269. Thus, what the government must show here is an agreement to defraud plus knowledge that the use of the mails was reasonably foreseeable. There is no claim that the proof was insufficient to prove these elements, only that it is insufficient to show a specific intent to use the mails.

■ Defendants contend that their convictions should be reversed on the additional ground that the trial judge instructed the jury improperly on the issue of intent in both the conspiracy and substantive charges, although defendants failed to object to the trial judge's instructions on both charges at the time of trial. We conclude that the trial judge did not commit plain error in his instructions on the conspiracy charge because the trial judge made clear to the jury that in order to find the defendants guilty of the conspiracy charge, the jury had to find that the defendants "voluntarily and intentionally" had devised a scheme to defraud through the "wilful misuse of the mails . . . ." This was not plain error.

■ Defendants also seek reversal on the ground that alleged prosecutorial misconduct deprived the defendants of an essential witness, Keith Reed. Keith Reed, the eighteen year old son of defendant Riley Reed, told one story to the FBI (that Riley, Bishop, and Earl Reed were actually in the car at the time of the accident involved herein), another story to the grand jury on April 28, 1982 (that Riley, Bishop, and Earl Reed were not in the car on the night of the accident), and yet another story in a letter to defendants' attorney dated October 8, 1982 (that Keith had lied and advised three other youths to lie to the grand jury because of deep resentment Keith had had for his father and that Keith's father, uncle, and cousin were in the car on the night of the accident). On October 27, 1982, all government witnesses, including Keith Reed, were interviewed in preparation for the trial. Keith Reed, his brother, and his mother met with an Assistant United States Attorney who told Keith, in somewhat graphic language, of the seriousness of his statements and the consequences of a conviction for perjury, that Keith should retain an attorney (an attorney was appointed during the trial), that Keith should go home and talk to his mother, and that Keith was still under subpoena to appear at trial. The government attorney's conduct was justified under the circumstances. It demonstrated to this youth the seriousness of his actions and the consequences his actions might have for his future.

■ Defendants' final argument in favor of reversal is that the following indictment failed to advise defendants adequately of the conspiracy charge: the defendants "willfully and knowingly did combine, conspire, confederate and agree with diverse other persons known and unknown to the grand jury to commit an offense against the United States; in violation of Title 18 United States Code, Section 1341." Reading this indictment with common sense

makes it clear that defendants were not only charged with conspiring with others but also among themselves. *See Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Largent,* 545 F.2d 1039 (6th Cir.1976) *cert. denied,* 429 U.S. 1098, 97 S.Ct. 1117, 51 L.Ed.2d 546 (1977).

Accordingly, the judgment of the District Court is affirmed.