979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joe A. WILBURN, Defendant-Appellant.
 No. 92-5044.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1992.
 
 Before McKAY, Chief Judge, LAY, Senior Circuit Judge,[1] and BALDOCK, Circuit Judge.
 LAY, Senior Circuit Judge.
 
 
 1
 Joe A. Wilburn was charged and convicted of conspiracy to defraud various manufacturers in violation of 18 U.S.C. § 371 by fraudulently redeeming coupons. The indictment alleges that the conspirators planned to have the Nielson Clearing House send checks, as payment for the misredeemed coupons,[3] to co-defendant Fred G. Latham's Tulsa, Oklahoma grocery store by United States mail. Defendant Wilburn was alleged to have assisted Latham submit the misredeemed coupons. In exchange for a dismissal of the remaining charges, Wilburn entered a plea of guilty to Count One of the indictment, which alleges conspiracy to commit mail fraud. He pleaded guilty on February 27, 1991. On February 3, 1992, Wilburn filed a motion to withdraw his plea of guilty. He asserted that he was not guilty of the offense charged and that the Government had induced his plea by representing it could prove that the coupons had been mailed when, in fact, the Government did not have evidence that the mails were used.
 
 
 2
 The district court heard arguments and denied the motion for leave to withdraw the guilty plea pursuant to Federal Rule of Criminal Procedure 32(d).[4] The district court found that Wilburn entered a knowing and voluntary guilty plea. The record with the plea hearing supports that finding. The district court found that Wilburn "had full understanding of what he was pleading to and it is not essential that he knew or believed as to the mailing, so long as that conspiracy existed and Mr. Latham and others knew and believed that the mailings would take place, and as a matter of fact, Mr. Latham has testified 50 additional mailings did take place."
 
 
 3
 Our review of the record demonstrates that there was no abuse of discretion in the district court's denial of leave to withdraw the guilty plea. Wilburn cites "newly discovered evidence" relating to the Government's ability to prove the mailings. This evidence concerns a tape recorded conversation with C.C. Melendez, a Nielson Clearing House employee, who stated that all the checks listed in Counts Two through Thirteen were sent to Latham via Federal Express. Wilburn in essence urges that this information was not fully disclosed by the Government and that it was unavailable to him at the time he entered his plea. The evidence is quite clear that Wilburn and his counsel knew of the tape recording at the time he decided to enter a plea of guilty. Its presence and availability were discussed and described on the record in Wilburn's presence. Under the circumstances, we find that there was no newly discovered evidence to support Wilburn's motion to withdraw the plea. There is no evidence that the Government misrepresented any facts to defendant's counsel. The law is well settled that in a mail fraud conspiracy case the prosecution need only show intent to use the mail or that such use was reasonably foreseeable. See United States v. Dray, 901 F.2d 1132, 1137 (1st Cir.), cert. denied, 111 S.Ct. 245 (1990); United States v. Reed, 721 F.2d 1059, 1060-61 (6th Cir.1983). In addition, there was evidence that Latham received coupon payment checks through the mail from other manufacturers during the time frame of the conspiracy.
 
 
 4
 Under the circumstances, we find that the district court did not abuse its discretion in refusing Wilburn's motion to withdraw his guilty plea.
 
 
 5
 The order of the district court is affirmed.
 
 
 
 [1]
 Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [3]
 Misredeemed coupons as defined in the superseding indictment are coupons for which no corresponding consumer sale of a manufacturer's product existed
 
 
 [4]
 Rule 32(d) of the Federal Rules of Criminal Procedure provides:
 (d) Plea Withdrawal. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.